1
2
3
4
5
6
7

```
                                    FILED
                           CLERK, U.S. DISTRICT COURT

                               4/29/2020

                           CENTRAL DISTRICT OF CALIFORNIA
                           BY: ____CW_____ DEPUTY
```

8        UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

10

11   **FEDERAL TRADE COMMISSION**,        )   Case No.: 2:20-cv-3775-JAK-MAA
                                           )
12                     Plaintiff,          )
                                           )
13              v.                         )   **ORDER RE STIPULATED**
                                           )   **PRELIMINARY INJUNCTION BY**
14                                         )   **DEFENDANT MARC CHING**
                                           )   **(DKT. 13)** (DKT. 3)
15   **MARC CHING**, individually and also )
16   doing business as WHOLE LEAF          )
     ORGANICS,                             )
17                                         )
                                           )
18                     Defendant.          )
                                           )
19   _____ )

20

21        Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its

22   Complaint for Temporary Restraining Order and Preliminary Injunction Pursuant

23   to Sections 13(a) and (b) of the Federal Trade Commission Act ("FTC Act"), 15

24   U.S.C. §§ 53(a) and (b), and applied for a Temporary Restraining Order and an

25   Order to Show Cause Why a Preliminary Injunction Should Not Issue Pursuant to

26   Rule 65 of the Federal Rules of Civil Procedure (the "Application" (Dkt. 3)).

27

28

1    The FTC and Defendant Marc Ching, individually and also doing business

2  as Whole Leaf Organics ("Defendant"), have now stipulated and agreed to entry of

3  this Stipulated Preliminary Injunction.  The Court, having considered the

4  Complaint, and accompanying declaration, exhibits, and memorandum of law in

5  support of such application, and being otherwise advised, finds that:

6                                   **FINDINGS**

7  1.    This Court has jurisdiction over the subject matter of this case, and there is

8  good cause to believe it will have jurisdiction over the parties and that venue in this

9  district is proper.

10 2.    The FTC asserts in its Complaint and other filings that:

11         a.  The Commission has issued an administrative complaint alleging

12             that Defendant has engaged in, and is likely to engage in the future,

13             acts and practices that violate Sections 5(a) and 12 of the FTC Act,

14             15 U.S.C. §§ 45(a), 52, which complaint remains pending with the

15             Commission.

16         b.  There is good cause to believe that Defendant has disseminated

17             claims in connection with the labeling, advertising, marketing,

18             distribution, and sale of:  1) Thrive, a product that purportedly

19             treats, prevents or reduces the risk of Coronavirus disease 2019

20             ("COVID-19"), a potentially deadly disease for which there is no

21             current treatment; and 2) CBD-EX, CBD-RX, and CBD-Max,

22             products that purportedly treat cancer.  These advertisements,

23             disseminated on the website wholeleaforganics.com to promote the

24             sale of said products, claim that Thrive treats, prevents or reduces

25             the risk of COVID-19, and that CBD-EX, CBD-RX, and CBD-

26             Max treat cancer.  In numerous instances, Defendant also has

27             claimed in advertising that the efficacy of Thrive, CBD-EX, CBD-

28

RX, and CBD-Max for the advertised purposes is scientifically or clinically proven.

    c.   There is good cause to believe that immediate and irreparable harm will result from Defendant's ongoing violations of Section 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52, unless Defendant is restrained and enjoined by order of the Court.

    d.   Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits in its administrative proceeding, the enjoining of Defendant from violating Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52, pending the final resolution of the Commission's administrative complaint, is in the public interest.

3.    Defendant has not admitted to liability as to the causes of action in the Complaint filed in this Court or in Commission's administrative complaint, and Defendant's consent to entry of this Stipulated Preliminary Injunction shall not be interpreted to constitute an admission that Defendant has engaged in violations of the FTC Act or any law or regulation.

4.    This Court has authority to issue this Order pursuant to Sections 13(a) and (b) of the FTC Act, 15 U.S.C. § 53(a), (b); Federal Rule of Civil Procedure 65(a); and the All Writs Act, 28 U.S.C. § 1651.

5.    No security is required of any agency of the United States for issuance of a preliminary injunction.  Fed. R. Civ. P. 65(c).

## **DEFINITIONS**

For purposes of this Order, the following definitions apply:

A.    "Covered Product" means Thrive, CBD-EX, CBD-RX, or CBD-Max or any other Drug, Food, or Dietary Supplement.

B.    "Dietary Supplement" means:

1.  any product labeled as a dietary supplement or otherwise represented as a dietary supplement; or

2.  any pill, tablet, capsule, powder, softgel, gelcap, liquid, or other similar form containing one or more ingredients that are a vitamin, mineral, herb or other botanical, amino acid, probiotic, or other dietary substance for use by humans to supplement the diet by increasing the total dietary intake, or a concentrate, metabolite, constituent, extract, or combination of any ingredient described above, that is intended to be ingested, and is not represented to be used as a conventional food or as a sole item of a meal or the diet.

C.    "Drug" means:  (a) articles recognized in the official United States Pharmacopoeia, official Homoeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; (b) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in humans or other animals; (c) articles (other than Food) intended to affect the structure or any function of the body of humans or other animals; and (d) articles intended for use as a component of any article specified in (a), (b), or (c); but does not include devices or their components, parts, or accessories.

D.    "Essentially equivalent product" means a product that contains the identical ingredients, except for inactive ingredients (e.g., inactive binders, colors, fillers, excipients), in the same form and dosage, and with the same route of administration (e.g., orally, sublingually), as the Covered Products; provided that the Covered Products may contain additional ingredients if reliable scientific evidence generally accepted by experts in the field indicates that the amount and combination of additional ingredients are unlikely to impede or inhibit the effectiveness of the ingredients in the essentially equivalent product.

E.     "Food" means:  (a) any article used for food or drink for humans or other animals; (b) chewing gum; and (c) any article used for components of any such article.

F.     "Defendant" means Marc Ching, also doing business as Whole Leaf Organics.

## I.     PROHIBITED DISEASE CLAIMS

IT IS ORDERED that Defendant and Defendant's agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, or sale of any Covered Product must not make any representation, expressly or by implication, that such product (1) treats, prevents or reduces the risk of COVID-19; or (2) treats cancer; or (3) cures, mitigates, or treats any disease, unless the representation is non-misleading, including that, at the time such representation is made, they possess and rely upon competent and reliable scientific evidence that substantiates that the representation is true.  For purposes of this Provision, "competent and reliable scientific evidence" means human clinical testing of the Covered Product or of an Essentially Equivalent Product that is sufficient in quality and quantity, based on standards generally accepted by experts in the relevant disease, condition, or function to which the representation relates, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true.  Such testing must (1) be randomized, double-blind, and placebo-controlled; and (2) be conducted by researchers qualified by training and experience to conduct such testing.  In addition, all underlying or supporting data and documents generally accepted by experts in the relevant field as relevant to an assessment of such testing as described in the Provision titled Preservation of Records Relating to

Competent and Reliable Human Clinical Tests or Studies must be available for inspection and production to the Commission.  Defendant will have the burden of proving that a product satisfies the definition of an Essentially Equivalent Product.

## II.    PROHIBITED HEALTH BENEFIT CLAIMS

IT IS FURTHER ORDERED that Defendant and Defendant's agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, or sale of any Covered Product must not make any representation, other than representations covered under the Provision titled Prohibited Disease Claims, expressly or by implication, about the health benefits, performance, or efficacy of such product, unless the representation is non-misleading, including that, at the time such representation is made, they possess and rely upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted by experts in the relevant disease, condition, or function to which the representation relates, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true.  For purposes of this Provision, "competent and reliable scientific evidence" means tests, analyses, research, or studies (1) that have been conducted and evaluated in an objective manner by experts in the relevant disease, condition, or function to which the representation relates; (2) that are generally accepted by such experts to yield accurate and reliable results; and (3) that are randomized, double-blind, and placebo-controlled human clinical testing of the Covered Product, or of an Essentially Equivalent Product, when such experts would generally require such human clinical testing to substantiate that the representation is true.  In addition, when such tests or studies are human clinical tests or studies, all underlying or supporting data and documents

1  generally accepted by experts in the field as relevant to an assessment of such

2  testing as described in the Provision of this Order titled Preservation of Records

3  Relating to Competent and Reliable Human Clinical Tests or Studies must be

4  available for inspection and production to the Commission.  Defendant will have

5  the burden of proving that a product satisfies the definition of an Essentially

6  Equivalent Product.

7  **III.   PROHIBITED MISREPRESENTATIONS REGARDING TESTS,**

8  **STUDIES, OR OTHER RESEARCH**

9  　　　　IT IS FURTHER ORDERED that Defendant and Defendant's agents,

10  employees, and attorneys, and all other persons in active concert or participation

11  with any of them, who receive actual notice of this Order, whether acting directly

12  or indirectly, in connection with the manufacturing, labeling, advertising,

13  promotion, offering for sale, or sale of any product must not make any

14  misrepresentation, expressly or by implication:

15  　　　　A.   About the existence, contents, validity, results, conclusions, or

16  interpretations of any test, study, or other research, including that studies, research,

17  or trials prove that any Covered Product (1) treats, prevents or reduces the risk of

18  COVID-19, or (2) treats cancer; or

19  　　　　B.   That any benefit of such product is scientifically or clinically proven

20  or otherwise established.

21

22  **IV.   FDA APPROVED CLAIMS**

23  　　　　IT IS FURTHER ORDERED that nothing in this Order prohibits Defendant,

24  or Defendant's agents, employees, and attorneys, or all other persons in active

25  concert or participation with any of them, from:

26  　　　　A.   For any Drug, making a representation that is approved in labeling for

27  such Drug under any tentative final or final monograph promulgated by the Food

28

1  and Drug Administration ("FDA"), or under any new Drug application approved
2  by the FDA; and

3        B.    For any product, making a representation that is specifically
4  authorized in labeling for such product by regulations promulgated by the FDA
5  pursuant to the Nutrition Labeling and Education Act of 1990 or authorized under
6  Sections 303-304 of the Food and Drug Administration Modernization Act of
7  1997.

8        **V.    PROHIBTION ON RELEASE OF CUSTOMER**
9        **INFORMATION**

10        IT IS FURTHER ORDERED that Defendant, Defendant's agents,
11  employees, and attorneys, and all other persons in active concert or participation
12  with any of them, who receive actual notice of this Order, whether acting directly
13  or indirectly, are hereby temporarily restrained and enjoined from:

14        A.    Selling, renting, leasing, transferring, or otherwise disclosing, the
15  name, address, birth date, telephone number, email address, credit card number,
16  bank account number, Social Security number, or other financial or identifying
17  information of any person that Defendant obtained in connection with any activity
18  that pertains to the subject matter of this Order; and

19        B.    Benefitting from or using the name, address, birth date, telephone
20  number, email address, credit card number, bank account number, Social Security
21  number, or other financial or identifying information of any person that Defendant
22  obtained in connection with any activity that pertains to the subject matter of this
23  Order.

24        Provided, however, that Defendant may disclose such identifying
25  information to a law enforcement agency, to his attorneys as required for his
26  defense in this or the pending administrative action, as required by any law,
27  regulation, or court order, or in any filings, pleadings or discovery in this action in
28

1  the manner required by the Federal Rules of Civil Procedure and by any protective

2  order in the case.

## VI.    PRESERVATION OF RECORDS

4       IT IS FURTHER ORDERED that Defendant, Defendant's agents,

5  employees, and attorneys, and all other persons in active concert or participation

6  with any of them, who receive actual notice of this Order, whether acting directly

7  or indirectly, are hereby temporarily restrained and enjoined from:

8       A.    Destroying, erasing, falsifying, writing over, mutilating, concealing,

9  altering, transferring, or otherwise disposing of, in any manner, directly or

10  indirectly, documents that relate to:  (1) the business or business practices of

11  Defendant; or (2) the business practices of entities directly or indirectly under the

12  control of Defendant; and

13       B.    Failing to create and maintain documents that, in reasonable detail,

14  accurately, fairly, and completely reflect Defendant's business transactions.

## VII.   SERVICE OF THIS ORDER

16       IT IS FURTHER ORDERED that copies of this Order as well as all other

17  pleadings, documents, and exhibits filed contemporaneously with that application

18  (other than the complaint and summons), may be served by any means, including

19  facsimile transmission, electronic mail or other electronic messaging, personal or

20  overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by

21  any law enforcement agency, or by private process server, upon Defendant or any

22  person (including any financial institution) that may have possession, custody or

23  control of any document of Defendant, or that may be subject to any provision of

24  this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For

25  purposes of this Section, service upon any branch, subsidiary, affiliate or office of

26  any entity shall effect service upon the entire entity.

## VIII.  CORRESPONDENCE AND SERVICE ON PLAINTIFF

1    IT IS FURTHER ORDERED that, for the purpose of this Order, all

2  correspondence and service of pleadings on Plaintiff shall be sent via email to:

3

4              TAWANA E. DAVIS
5              tdavis@ftc.gov; (202) 326-2755
               AMBER LEE
6              alee5@ftc.gov; (202) 326-2764
               Federal Trade Commission
7              600 Pennsylvania Avenue, NW
8              Washington, DC 20580
               Fax: (202) 326-3259
9

10             JOHN D. JACOBS
11             jjacobs@ftc.gov; (310) 824-4300
               Federal Trade Commission
12             10990 Wilshire Boulevard, Suite 400
               Los Angeles, CA 90024
13             Fax: (310) 824-4380

14          **IX.    DURATION OF THE ORDER**

15    IT IS FURTHER ORDERED that this Order shall remain in effect until the

16  Commission's administrative complaint is dismissed by the Commission, set aside

17  by an appeals court on review, or the Commission has issued a final order pursuant

18  to 15 U.S.C. § 45.

19         **X.    RETENTION OF JURISDICTION**

20    IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this

21  matter for all purposes.

22

23

24  Dated:  April 29, 2020    _____

25                                      John A. Kronstadt
                                        United States District Judge
26

27

28